UNITED STATES, appellant, *v.* CARR, respondent.

INDIAN COUNTRY—*transportation of liquor.* Citizens of the United States, and those who have declared their intention to become such, have the right to carry spirituous liquors through the Indian country for the purpose of lawfully selling the same in other places.

*Appeal from Second District, Deer Lodge County.*

THE action was tried before KNOWLES, J.

M. C. PAGE, U. S. Attorney, for appellant.

SHOBER & LOWRY, for respondent.

SERVIS, J. This was a proceeding instituted by the United States district attorney, upon a libel of information, under the acts of congress relating thereto.

The information alleged, in substance: That, on or about the 24th day of December, 1873, near the Blackfoot Indian Agency, in Deer Lodge county, Montana Territory, and in the Indian country, the United States marshal for the Territory seized ten gallons of whisky, two horses, and other property, in the possession of the respondent; and that the respondent was then unlawfully introducing said whisky into said Indian country.

The answer of the respondent denied the unlawful introduction by him of said whisky into said Indian country, and averred that, at the time of said seizure, he was on his way through the Territory of Montana to Whoop-up in the British possessions; and that he was not seeking to dispose of, or introduce said whisky into any Indian country within the jurisdiction of the United States.

Upon this issue, the case was tried by a jury, that found for the respondent.

The district attorney moved for a new trial, and assigned as grounds therefor:

1. Error of law occurring at the trial.

2. That the verdict was against law.

3. That the instructions of the court were erroneous, and calculated to mislead the jury.

The court overruled the motion, and rendered judgment upon the verdict. From this action, an appeal has been taken to this court.

The record fails to set out any evidence that may have been introduced on the trial of the case, and we are unable to ascertain wherein there was error in the proceedings of the court below. But, assuming that such evidence was given as to call for the instructions, which were read to the jury, we cannot see wherein the court erred in instructing the jury.

The manifest object and intent of the law, under which this proceeding was held, is shown by its title, which is as follows: "To regulate trade and intercourse with the Indian tribes, and to preserve peace on the frontiers." It was not intended by this act to prohibit the exploration or settlement of the public domain by persons, who were citizens of the United States, or had declared their intention to become such, and might desire to carry with them spirituous liquors for legitimate and lawful purposes. This

would be the case, if the position taken by the district attorney is correct. If, then, such a person passes through the Indian country with spirituous liquors in his possession, without any intent to dispose of the same therein contrary to law, neither the liquors, nor any other species of property accompanying the same, are liable to seizure or forfeiture. Therefore, the judgment is affirmed.

*Judgment affirmed.*